

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 18, 1965

*Affirms* C-221

The Honorable Ben Barnes
Speaker, House of Representatives
Austin, Texas

Opinion No. C-377

Re: Reconsideration of Attorney
General's Opinion C-221 in
the light of additional
facts.

Dear Mr. Barnes:

Honorable Byron Tunnell, former Speaker of the House of Representatives, has requested a reconsideration of the conclusions reached in Attorney General's Opinion C-221, 1964, in the light of additional facts furnished Mr. Tunnell by Mr. John W. Simmons, Executive Vice President and General Manager of the Sabine River Authority of Texas. The letter from Mr. Simmons, dated December 28, 1964, reads as follows:

"This letter is written in response to your inquiry dated November 27, 1964 concerning the nature, terms, and conditions under which Mr. Sam F. Collins of Newton, Texas became associated with the Toledo Bend Project Joint Operation on June 1, 1964.

"When his services were engaged, it was stipulated that he would work in connection with the acquisition of land required for the Toledo Bend Project, with the disposal of Surplus Property acquired in connection therewith, and with general administrative matters related to the Project. The exact nature of such services to be performed were stipulated to be as designated by the <u>Technical Committee and Construction Board</u> of the <u>Toledo Bend Project</u> Joint Operation.

"When Mr. Collins accepted this assignment, it was understood and agreed to by the Joint Operation that he would continue to serve as a State Representative until the expiration of his term and until his successor had taken the oath of

-1790-

office (at the time, Mr. Collins had decided not to stand again for election). It was further agreed to by the Joint Operation that he would be accorded ample time off to perform such duties as his State office would require and it was stipulated, only, that he would be expected to make himself available to the Joint Operation at all reasonable times to assist in land acquisition, selection and supervision of appraisers and land negotiators, and Surplus Property disposal. At his request, it was further agreed that in the event of a Special Session, he would be allowed to be absent as necessary for an extended period of time, without compensation from the Project.

"It was further agreed that he would be free to handle any and all other business not in conflict with the duties expected of him by the Joint Operation.

"Mr. Collins was advised that he was not an employee of the Sabine River Authority of Texas and was not entitled to, nor should he expect to participate in or receive the benefits of Pension Plans or employee emoluments of such programs of the Sabine River Authority of Texas. He was further advised that he should not hold himself out to the Public as an employee or official of the Sabine River Authority of Texas - or for that matter, the Sabine River Authority of Louisiana.

"It was mutually understood that the agreement with the Toledo Bend Project Joint Operation could be terminated for any cause by either party upon fifteen (15) days written notice.

"In closing, I emphasize the fact that during this arrangement Mr. Collins has not been, nor is he now, an employee of the Sabine River Authority of Texas.

"Since his successor has been duly sworn in as State Representative, and since Mr. Collins' work and performance of services for the Toledo Bend Project Joint Operation have been exceptionally valuable to the Project, he has now been offered employment with the Sabine River Authority of Texas, effective January 1, 1965. Mr.

Collins having accepted such, he will be entered on our Authority rolls and records as of that date as Operations Assistant to the General Manager, Toledo Bend Division.

"It is my considered opinion that Mr. Collins will serve the Authority well.

"If you need additional information, please let me know."

In Attorney General's Opinion C-221, it was held:

"Although a Member of the Legislature is eligible to accept an employment (Project Supervisor) on the Toledo Bend Project, a joint effort of the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, he is not eligible, while so employed, to receive his salary as a Member of the Legislature, in view of the provisions of Section 33 of Article XVI of the Constitution of Texas. Such prohibition, however, does not preclude him from receiving reimbursement for expenses as a Member of the Legislature or as a member of the Texas Legislative Council."

It was pointed out in Attorney General's Opinion C-221 that:

"Representative Collins was employed as a Project Supervisor and his duties consist of the general supervision of the Toledo Bend Project. The Toledo Bend Project is a joint effort of the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, for the building and operation of a dam and reservoir project on the Sabine River at Toledo Bend. This joint effort is pursuant to an agreement entered into by the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, on the 6th day of July, 1961, and supplemental agreement entered into on the 5th day of April, 1962. The Sabine River Authority of Texas is 'a governmental agency of the State of Texas, a body politic and corporate, vested with all authority as such under the Constitution and laws of the State' created by the provisions of Article 8280-133, Vernon's Civil Statutes. Therefore,

under the facts submitted by you, Representative Collins is an employee of an agency of the State."

A study of facts contained in Mr. Simmons' letter, referred to above, fails to reveal any fact which removes the prohibition contained in Section 33 of Article XVI of the Constitution of Texas. It was pointed out in Attorney General's Opinion C-221 that the Toledo Bend Project was a joint effort between the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, pursuant to an agreement entered into between these agencies. Therefore, under the facts submitted, Representative Collins was an employee of an agency of the State. It was further pointed out in Attorney General's Opinion C-221.

"While such position does not constitute an office, it is one of honor, trust or profit under this State. The position carries with it emoluments of employment. The Toledo Bend Project calls for an expenditure of large sums of public monies.

"You are therefore advised that, under the facts submitted, Representative Collins' employment precludes him, while so employed, from receiving his salary as a Member of the House of Representatives."

After careful consideration of the facts contained in Mr. Simmons' letter, referred to above, in the light of the authorities cited in Attorney General's Opinion C-221, we affirm the conclusions reached in Attorney General's Opinion C-221, and you are advised that Mr. Collins is not eligible, while employed on the Toledo Bend Project, to receive his salary as a Member of the Legislature, in view of the provisions of Section 33 of Article XVI of the Constitution of Texas.

## SUMMARY

The conclusion reached in Attorney General's Opinion C-221 is affirmed wherein we held: "Although a Member of the Legislature is eligible to accept an employment (Project Supervisor) on the Toledo Bend Project, a joint effort of the Sabine River Authority of Texas and the Sabine River Authority, State of Louisiana, he is not eligible, while so employed, to receive his salary as a Member of the Legislature, in view of

Hon. Ben Barnes, page 5 (C-377)

> the provisions of Section 33 of Article XVI
> of the Constitution of Texas. Such prohibi-
> tion, however, does not preclude him from
> receiving reimbursement for expenses as a
> Member of the Legislature or as a member of
> the Texas Legislative Council."

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Paul Phy
Robert Flowers
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone